**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice* to be filed)
Hae Sung Nam (*pro hac vice* to be filed)
Carihanna Morrison (*pro hac vice* to be filed)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*cmorrison*@kaplanfox.com
*hnam@kaplanfox.com*

*Counsel for Movant Alan Reppy and Proposed Lead Counsel for the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SASHANNA NEVINS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

BLOOM ENERGY CORPORATION, KR SRIDHAR, SIMON EDWARDS, MACIEJ KURZYMSKI, and DANIEL BERENBAUM,

Defendants.

Case No.: 3:26-cv-07944-RFL

**CLASS ACTION**

**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALAN REPPY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Judge: Hon. Rita F. Lin
Courtroom: 4, 17th Floor
Date: December 1, 2026
Time: 10:00 a.m.

# NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on December 1, 2026 at 10:00 a.m., or as soon thereafter as set by the Court, in Courtroom 4 of the San Francisco Courthouse, 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, the Honorable Rita F. Lin presiding, movant Alan Reppy ("Reppy") will, and hereby does, respectfully move this Court, under the Federal Rules of Civil Procedure ("Rule") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) appointing Reppy as lead plaintiff in the above-captioned action (the "Action") for a putative class of all persons or entities that purchased Bloom Energy Inc. ("Bloom Energy") securities between February 27, 2025 and July 8, 2026, inclusive (the "Class Period") (the "Class"); (2) approving Reppy's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel; and (3) granting such other relief as the Court may deem just and proper.

This motion is made on the grounds that Reppy believes that he is the "most adequate plaintiff" possessing claims arising out of the Exchange Act for the Class. 15 U.S.C. § 78u-4(a)(3)(B). In addition, Reppy meets the requirements of Rule 23 because his claims are typical of the claims of members of the Class and Reppy will fairly and adequately represent the Class. Finally, Reppy has selected and retained Kaplan Fox to serve as lead counsel, a law firm with substantial experience in prosecuting complex securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Laurence D. King in Support of Reppy's Motion Appointment as Lead Plaintiff and Approval of Lead Counsel, dated September 28, 2026 ("King Decl."), the pleadings and other files and records in this Action, and upon such other written or oral argument as may be presented to the Court.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

STATEMENT OF ISSUES TO BE DECIDED ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. SUMMARY OF THE ACTION ........ 2

III. ARGUMENT ........ 3

A. Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel ........ 3

B. Reppy is the Most Adequate Plaintiff ........ 4

1. Reppy has the Largest Financial Interest ........ 4

2. Reppy Satisfies Rule 23 ........ 5

a. Reppy’s Claims are Typical ........ 5

b. Reppy is Adequate ........ 6

c. This Court Should Approve Reppy’s Selection of Counsel ........ 7

IV. CONCLUSION ........ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Court for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) .......... 7

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......... 6

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) .......... 6

*Hayes v. Enphase Energy, Inc.*,
No. 24-cv-04249-JD, 2025 WL 986469 (N.D. Cal. Mar. 31, 2025) .......... 4

*Hodges v. Akeena Solar, Inc.*,
263 F.R.D. 528 (N.D. Cal. 2009) .......... 4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .......... 1, 4, 5, 7

*In re Stitch Fix, Inc. Sec. Litig.*,
393 F. Supp. 3d 833 (N.D. Cal. 2019) .......... 4

*Liles v. SoundHound AI, Inc.*,
No. 25-cv-02915-RFL, 2025 WL 1937541 (N.D. Cal. July 14, 2025) .......... 4

*Louie v. Picard Med., Inc.*,
No. 26-cv-01024-RFL, 2026 WL 1365022 (N.D. Cal. May 15, 2026) .......... 4

*Luna v. Marvell Tech. Grp. Ltd*,
No. 15-cv-05447-RMW, 2016 WL 469422 (N.D. Cal. Feb. 8, 2016) .......... 6

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .......... 5, 6

*Siegall v. Tibco Software, Inc.*,
No. C 05-2146 SBA, 2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) .......... 5

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .......... 6

*Uziel v. Pinterest, Inc.*,
No. 26-cv-02745-RFL, 2026 WL 1724494 (N.D. Cal. June 15, 2026) .......... 4, 6

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
231 F.3d 1215 (9th Cir. 2000) .......... 1, 4

**Statutes**


15 U.S.C. § 78j(b) .......... 1

15 U.S.C. § 78t(a) .......... 1

15 U.S.C. § 78u-4 *et seq.* .......... *passim*


**Rules**


Fed. R. Civ. P. 23 .......... 1, 4, 5, 6


**Regulations**


17 C.F.R. § 240.10b-5 .......... 1


**Other Authorities**


Civ. L.R. 23-1(b) .......... 4

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Reppy should be appointed Lead Plaintiff.
2. Whether the Court should approve Reppy's selection of Kaplan Fox as Lead Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

Reppy respectfully submits this memorandum of law in support of his motion for: (1) appointment as Lead Plaintiff for the Class, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (2) approval of his selection of Kaplan Fox as Lead Counsel for the Class; and (3) such other relief as the Court may deem just and proper. Reppy believes that he has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff for the Class and to have his selection of counsel approved. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(v); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1217 (9th Cir. 2000); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

## I. INTRODUCTION

This Action is brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Bloom Energy, KR Sridhar, Simon Edwards, Maciej Kurzymski, and Daniel Berenbaum (collectively, the "Defendants") for violations of the federal securities laws relating to the Company's alleged false and misleading statements throughout the Class Period.

Pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Reppy believes that he is the movant with the largest financial interest that otherwise meets the applicable requirements under Rule 23.

Reppy respectfully requests that the Court approve Kaplan Fox as Lead Counsel for the Class. *See* § III.B.2.c., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II. SUMMARY OF THE ACTION

On July 30, 2026, the Action was filed and notice was published to class members on *BUSINESS WIRE*, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* King Decl., Ex. 1. The Notice advised purchasers of Bloom Energy securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id.* The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the publication of the Notice. *Id.*

As alleged in the Action, Bloom Energy designs, manufactures, sells, and installs solid oxide fuel cell systems for on-site power generation in the United States and internationally. *See* Compl., ¶ 2. These oxide fuel cells use scandium, a rare earth metal as a dopant to stabilize the zirconia-based ceramic electrolyte in the Company's solid oxide fuel cells. *Id.*

The Action alleges that throughout the Class Period the Defendants made materially false and misleading statements, including that the Company was "not dependent on China for a supply chain" and that its supply chain "does not have significant exposure to China," as well as failed to disclose: (1) Bloom Energy obtained scandium through intermediaries who sourced the metal from China; (2) that, as a result, the Company understated the extent to which it relied on scandium from China; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*. at ¶¶ 5, 19-26.

As alleged in the Action, on July 8, 2026, Hunterbrook Media published a report alleging, among other things, that "***Bloom is, in fact, reliant on Chinese scandium***, according to global trade data, Chinese corporate filings, satellite imagery, and Hunterbrook's messages with Bloom's suppliers in China." Further, as alleged in the action, "Hunterbrook traced four separate China-linked routes into Bloom's supply chain – scandium oxide shipped directly to its Delaware plant, plus scandium-bearing ceramics and powders flowing through intermediaries in Thailand, Japan, and South Korea." *Id*. at ¶ 3. On this news, the price of Bloom Energy stock declined $15.28, or 5.7%, to close at $254.29 per share on July 8, 2026. *Id*. at ¶ 4.

## III. ARGUMENT

### A. Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and 78u-4(a)(3)(B)(i). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that the most adequate plaintiff is the person or group of persons which:

> (aa) has either filed the complaint or made a motion in response to a notice. . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

On July 30, 2026, this Action was filed and notice was published to class members on *BUSINESS WIRE*. *See* King Decl., Ex. 1.[1] The time period in which class members may move to be appointed lead plaintiff in this case expires on September 28, 2026. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Civ. L.R. 23-1(b);. Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Reppy timely moved this Court to be appointed Lead Plaintiff on behalf of the Class.

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729-30; *see also Z-Seven Fund, Inc.*, 231 F.3d at 1217; *Uziel v. Pinterest, Inc.*, No. 26-cv-02745-RFL, 2026 WL 1724494, at *1 (N.D. Cal. June 15, 2026) (Lin, J.); *Louie v. Picard Med., Inc.*, No. 26-cv-01024-RFL, 2026 WL 1365022, at *1 (N.D. Cal. May 15, 2026) (Lin, J.); *Liles v. SoundHound AI, Inc.*, No. 25-cv-02915-RFL, 2025 WL 1937541, at *1 (N.D. Cal. July 14, 2025) (Lin, J.); *Hayes v. Enphase Energy, Inc.*, No. 24-cv-04249-JD, 2025 WL 986469, at *1 (N.D. Cal. Mar. 31, 2025); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835 (N.D. Cal. 2019).

**B. Reppy is the Most Adequate Plaintiff**

**1. Reppy has the Largest Financial Interest**

Reppy suffered substantial losses of approximately $48,217 as a result of expending $172,110 to purchase 500 total and net shares of Bloom Energy common stock at artificially inflated prices during the Class Period. *See* King Decl., Exs. 2, 3. Reppy is not aware of any other movant with a larger financial interest, believes he has the largest financial interest of any lead

[1] Online wire services like *BUSINESS WIRE* are suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009) (quoting *Cavanaugh*, 306 F.3d at 729).

plaintiff movant, and therefore believes he is presumptively entitled to appointment as Lead Plaintiff.

**2. Reppy Satisfies Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are key factors.") (citations omitted). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the appointed lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007). As detailed below, Reppy satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff on behalf of the Class.

**a. Reppy's Claims are Typical**

Under Rule 23(a)(3), "[t]he test of typicality 'is whether other members have the same or

similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Richardson*, 2007 WL 1129344, at *4; *Uziel v. Pinterest, Inc.*, 2026 WL 1724494, at *1.

The claims asserted by Reppy are based on the same legal theory and arise out of the same course of events as the other purported Class members' claims. Reppy purchased Bloom Energy common stock, as did each member of the Class, at prices artificially inflated or otherwise manipulated by Defendants' untrue statements of material fact and material omissions and was damaged thereby. Thus, Reppy satisfies the typicality requirement of Rule 23(a).

**b. Reppy is Adequate**

The adequacy requirement of Rule 23(a) is met when the prospective lead plaintiff has selected qualified, experienced counsel and there are no "conflicts between the representative and class interests." *Richardson*, 2007 WL 1129344, at *4; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Luna v. Marvell Tech. Grp. Ltd*, No. 15-cv-05447-RMW, 2016 WL 469422, at *3 (N.D. Cal. Feb. 8, 2016). Here, Reppy's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Reppy's interests and those of the proposed Class. As detailed above, Reppy's claims raise similar questions of law and fact as claims of the members of the Class, and Reppy's claims are typical of the members of the Class.

Further, Reppy has amply demonstrated his adequacy and willingness to serve as and assume lead plaintiff responsibilities. The signed Certification of Reppy evidences his understanding of the duties he owes to the Class and his commitment to monitor this class action. *See* King Decl., Ex. 2. This evidence demonstrates that Reppy accepts the fiduciary obligations he will assume if appointed lead plaintiff in this action.

Further, Reppy, who is 65 years old and resides in Colorado, is an experienced investor who has been investing in the stock market for the past four years. Reppy has a Bachelor of Science

degree from Montclair University and a Masters degree from Regis University. His work experience includes working as a software engineer for the past 13 years.

Finally, Reppy has selected Kaplan Fox – counsel highly experienced in prosecuting complex securities class actions – to represent him. *See* King Decl., Ex. 4. The close alignment of interests between Reppy and other members of the Class, and his strong desire to prosecute this action on behalf of the Class, provide ample reason to grant Reppy's motion for appointment as Lead Plaintiff on behalf of the Class. Accordingly, Reppy satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### c. This Court Should Approve Reppy's Selection of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Thus, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citation omitted). Reppy has retained Kaplan Fox to file a lead plaintiff motion, a consolidated complaint, and to serve as Lead Counsel to pursue this litigation on behalf of himself and the proposed Class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* King Decl., Ex. 4. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, Reppy respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his choice of Kaplan Fox as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: September 28, 2026

By: /s/ *Laurence D. King*
Laurence D. King

Laurence D. King (SBN 206423)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice* to be filed)
Hae Sung Nam (*pro hac vice* to be filed)
Carihanna Morrison (*pro hac vice* to be filed)
800 Third Avenue, 38th Fl.
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*cmorrison*@kaplanfox.com
*hnam@kaplanfox.com*

*Counsel for Movant Alan Reppy and Proposed Lead Counsel for the Proposed Class*

**PROOF OF SERVICE**

I hereby certify that on September 28, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Laurence D. King*
Laurence D. King